Dear Johnnie Wesley:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Franklin Parish Police Jury you have asked for our opinion regarding the administration of certain internal funds, as well as the filming of Police Jury meetings.
First, you ask whether the Police Jury may charge an administrative fee for administering twenty-one (21) internal funds. You have indicated that currently the Police Jury only receives administrative fees from five (5) of the funds.
We addressed a similar question in Attorney General Opinion Nos. 79-1181 and 92-761. In Opinion No. 79-1181, the Police Jury of Grant Parish asked if it could charge each account administered by the Police Jury a uniform 3% fee to reimburse the general fund for expenses incurred in administering various parish accounts. We opined as follows:
 "One power of the police jury granted by La.R.S. 33:1236(35) is as follows:
 `(35) In the event that the police jury office renders services, such as bookkeeping, administrative, clerical or other services to boards, agencies, districts or other subdivisions, the police jury shall have the authority to prepare a budget for the administration of the police jury office and shall prorate the cost of operation over the various accounts handled by it. The allocation shall be made proportionately in the ratio that the taxes collected on accounts bear to the total amount of taxes collected by the police jury. In no event will any allocation be charged to any account unless services such as described herein are rendered.' *Page 2 
 If the accounts which the Police Jury administers are covered within the scope of the above quoted section, i.e. those of boards, agencies, districts and other subdivisions, then the Police Jury may charge for the services actually rendered and under the formula therein set forth. Therefore the proposed uniform 3% charge to these accounts would be contrary to the statutory requirements for proportionate payments.
 This section does not relate specifically to the Police Jury's own accounts and we find no authority either prescribing or proscribing a method to apportion the administrative costs incurred by the general fund. This is an internal matter which may be resolved by the Police Jury, however, any fees charged the various accounts should be equitable and reasonable related to the services rendered."
In Attorney General Opinion No. 92-671, the St. Landry Parish Police Jury asked whether it could assess Parish Transportation funds it received from the State and dedicated proceeds from special road district taxes an administrative fee of four percent (4%) for accounting expenses and courthouse-operating expenses. There, we opined as follows:
 "Regarding the Transportation Funds, it is the opinion of this office that the Police Jury does not have the authority to `assess' such funds a four percent administrative fee.
 Transportation Funds are distributed to the various parishes, including St. Landry, from the Parish Transportation Fund established in R.S. 48:751. R.S. 48:751, et seq, and in particular, R.S. 48:753, provides how Parish Transportation Funds can be used. Those statutes, in our opinion, limit the use of such funds to providing and maintaining transportation and transportation systems. Our review of R.S. 48:751, et seq, did not reveal any provisions which would authorize a parish governing authority to deduct a portion of the funds for `accounting or courthouse operating expenses'.
 Furthermore, the Transportation Funds are administered by the police jury on behalf of the parish. The funds are not administered by St. Landry Parish on behalf of another `entity'. R.S. 33:1236(35)(a) only authorizes a governing authority to assess a fee for administering the funds of another `entity of local government' (emphasis added), as opposed to a special or segregated fund of the Parish. *Page 3 
 Regarding the road district taxes, it is the opinion of this office that a Road District, as long as it is an `entity' distinct from the Police Jury, can be charged a fee for services performed on its behalf by the administrative office of the Police Jury."
Thus, it is the opinion of this office that the Police Jury can assess an administrative fee for services rendered. However, this fee can only be assessed against those funds which are administered by the Police Jury on behalf of a separate entity. Further, the fee charged must be in accordance with La.Rev.Stat. 33:1236(35)(a) and must not be statutorily prohibited and the fee can not exceed the actual cost incurred in rendering the service.
Next, you ask whether the Police Jury meetings can be filmed for public viewing. La.Rev.Stat. 42:8 provides the following:
 § 8. Sonic and video recordings; live broadcast
 A. All or any part of the proceedings in a public meeting may be video or tape recorded, filmed, or broadcast live.
 B. A public body shall establish standards for the use of lighting, recording or broadcasting equipment to insure proper decorum in a public meeting.
Thus, it is the opinion of this office that Police Jury meetings may be filmed for public viewing subject to the establishment of standards for the use of lighting, recording or broadcasting equipment which would insure proper decorum in a public meeting.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt